Elizabeth W. Lund
BOONE KARLBERG P.C.
201 West Main, Suite 300
P. O. Box 9199
Missoula, MT 59807-9199
Telephone: (406) 543-6646
Facsimile: (406) 549-6804
elund@boonekarlberg.com
*Attorneys for State Farm Fire and Casualty*
*Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Company,<br><br>Plaintiff,<br><br>v.<br><br>MARC COHODES, an individual, and HOLBROOK HOLDINGS, INC., an Oregon Corporation,<br><br>Defendants. | CIVIL ACTION NO. CV-25-41-BU-JTJ<br><br>**COMPLAINT**<br>**(Declaratory Judgment)** |

Plaintiff, State Farm Fire and Casualty Company ("State Farm"), brings this

complaint for declaratory judgment against defendant Marc Cohodes ("Cohodes")

and Holbrook Holdings, Inc. ("Holbrook") under 28 U.S.C. § 2201 alleging as

follows:

## PARTIES

1.     State Farm is an Illinois company with its principal place of business in

Bloomington, Illinois. Therefore, State Farm is a citizen of Illinois. At all relevant times, State Farm has been licensed and registered to write certain lines of insurance in Montana.

2.      Upon information and belief, Cohodes is an individual who currently is domiciled, and at all relevant times has been domiciled, in Gallatin County, Montana. Therefore, upon information and belief, Cohodes is a citizen of Montana.

3.      Upon information and belief, Holbrook is a financial advisory firm that is incorporated in Oregon and has its principal place of business in Atlanta, Georgia. Therefore, upon information and belief, Holbrook is a citizen of either Oregon and/or Georgia.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the federal diversity jurisdiction statue.

5.      State Farm has a good faith basis to believe the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, because the Underlying Complaint (defined below) seeks "[a]ctual and compensatory damages exceeding $75,000, as well as interest, reasonable attorneys' fees, and costs, as allowed by law" in addition to punitive damages. Further, the defense which State Farm is providing to Cohodes in the Underlying Lawsuit pursuant to a full and complete reservation of rights is expected to exceed $75,000 and the policy limits of

the two State Farm policies issued to Cohodes exceed $75,000.

6.      Venue is proper in this court and division under 28 U.S.C. § 1391(b) and L.R. 1.2(c)(2) because Cohodes is domiciled in this District, because the events giving rise to the claim occurred in this District and because the insurance was issued in this District.

## THE RELEVANT INSURANCE POLICIES

7.      Cohodes is the named insured on State Farm Homeowners Policy number 26-BN-H027-8, with effective dates from September 30, 2023, until September 30, 2024 (the "Homeowners Policy"). The Homeowners Policy has a Personal Liability (Each Occurrence) limit of $100,000. A true and accurate copy of the Homeowners Policy is attached to this Complaint as **Exhibit 1**. The Homeowners Policy is incorporated in this Complaint as if referenced in full herein.

8.      Cohodes also is the named insured on State Farm Personal Liability Umbrella Policy No. 26-BN-M013-4, with effective dates from November 5, 2023, until November 5, 2024 (the "Umbrella Policy"). The Umbrella Policy has a Personal Liability limit of $6,000,000. A true and accurate copy of the Umbrella Policy is attached to this Complaint as **Exhibit 2**. The Umbrella Policy is incorporated in this Complaint as if referenced in full herein.

## COMMON ALLEGATIONS

9.      On November 8, 2024, Holbrook filed a Complaint against Cohodes

styled *Holbrook Holdings, Inc. v. Marc Cohodes*, U.S. District Court for the District of Montana, Case No. 24-CV-175-BU-JTJ ("Underlying Lawsuit"). A true and accurate copy of the Complaint in the Underlying Lawsuit is attached hereto as **Exhibit 3**.

10.    The Underlying Lawsuit alleges that Holbrook is "an award-winning financial advisory firm" bringing a "defamation action against short seller Marc Cohodes to hold Cohodes responsible for a relentless, unhinged, and vindictive smear campaign that he has waged against Holbrook over the past year."

11.    The Underlying Lawsuit alleges that "Cohodes essentially bets against the stock prices of companies that he shorts, with the hope that he will earn profits if the company's stock price goes down. When he takes a short position, he commonly announces it publicly and then proceeds to levy attacks and criticism on his target company and its management, in the transparent hope that the negative publicity will cause the stock price to drop and benefit his position."

12.    The Underlying Lawsuit alleges that Cohodes took a short position on the stock of an investment bank called B. Riley.

13.    The Underlying Lawsuit alleges that a Holbrook principal "took umbrage at what looked to be a very transparent effort by Cohodes to gin up negative publicity about B. Riley, drive down its stock price, and monetize his short position. The Holbrook X account published a short, factual tweet that was mildly critical of

Cohodes's conduct and track record."

14.    The Underlying Lawsuit alleges that Cohodes "has a well-earned reputation for being abrasive, belligerent, and highly sensitive to any criticism…."

15.    The Underlying Lawsuit alleges that Cohodes then "turned his social media wrath on Holbrook" and tweeted "childing insults." It is alleged that "[i]f Cohodes had satiated his vindictive impulses with sophomoric insults alone, that likely would have been the end of the matter."

16.    The Underlying Lawsuit alleges that Cohodes began to tweet falsehoods about Holbrook and that "[a]lthough presented as facts, those accusations have absolutely no basis in reality, and Cohodes knew it at the time he published them. Cohodes simply fabricated outrageous and inherently damaging allegations out of whole cloth in order to punish Holbrook for having the temerity to question him."

17.    The Underlying Lawsuit alleges that Cohodes's actions were "intentional and malicious dissemination of defamatory falsehoods"; and that Holbrook's tweet triggered "a seemingly endless wave of vindictive retaliation from Cohodes."

18.    The Underlying Lawsuit alleges that when Cohodes's "vindictive desires not satiated by sophomoric insults alone, Cohodes quickly pivoted to accusing Holbrook and its leadership of breaching fiduciary duties to investors and

engaging in securities fraud."

19.    The Underlying Lawsuit alleges that "Tacitly acknowledging that his repeated claims of Holbrook being involved in securities fraud were completely fabricated, Cohodes admitted, 'I don't even know who Holbrook is or what they do.' But, he said, since Holbrook dared to 'pick a fight' with him, then his intention is to 'end the fight' and 'skate them into the concrete.'"

20.    The Underlying Lawsuit alleges that "Cohodes intentionally and knowingly published to his many thousands of followers fabricated claims that Holbrook is involved in securities fraud. He did so not because he actually believed this to be the case-there is no factual basis by which Cohodes could draw such a conclusion-but because he was enraged that Holbrook dared to criticize his conduct toward B. Riley."

21.    The Underlying Lawsuit alleges that Holbrook suffered reputational harm as well as economic damages due to loss of revenue and enterprise value.

22.    The only claims against Cohodes in the Underlying Lawsuit are for Libel Per Se in relation to three posts to X. One on December 17, 2023, one on February 29, 2024, and one on August 13, 2024.

23.    Cohodes allegedly posted the X posts "with a reckless disregard for the truth, in that he was aware at the time of publication that the statement was false or, at a minimum, had a high degree of awareness that the statement was probably

false."

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGMENT – DUTY TO DEFEND AGAINST COHODES

24.     State Farm realleges and incorporates by reference all previous paragraphs.

25.     An actual controversy exists between State Farm and Cohodes relating to whether State Farm has a duty to defend Cohodes against the Underlying Lawsuit. Namely, State Farm does not believe it owes a duty to defend Cohodes under either the Homeowners Policy or the Umbrella Policy, but Cohodes apparently believes he is owed a defense from State Farm pursuant to one or both of the policies.

26.     State Farm can have no duty to defend Cohodes against the Underlying Lawsuit pursuant to the Homeowners Policy because, among other reasons:

   a. The Complaint in the Underlying Lawsuit does not trigger the coverage grant of Coverage L – Personal Liability within Section II – Liability Coverages because there is no "bodily injury" or "property damage" caused by an "occurrence" alleged;

   b. If the coverage grant were triggered, which it has not, exclusions, including but not limited to, Exclusions 1.a. and 1.b. preclude the duty to defend;

   c. Intentional wrongdoing is not insurable pursuant to Montana public

policy;

    d.  Mon. Code Ann. § 33-15-317 precludes insurance coverage as a matter of law for any punitive damages unless a policy expressly states that such damages are covered and, here, the Homeowners Policy does not expressly cover punitive damages.

27.  Pursuant to 28 U.S.C. § 2201, State Farm is entitled to a declaration by this Court of its rights and duties related to its potential duty to defend Cohodes under the Homeowners Policy.

28.  State Farm can have no duty to defend Cohodes against the Underlying Lawsuit pursuant to the Umbrella Policy because, among other reasons:

    a.  The coverage grant is not triggered for a "loss" resulting in an accident, including accidental exposure to conditions, which first results in "bodily injury" or "property damage" during the policy period; or the commission of an offense which first results in "personal injury" during the policy period;

    b.  To the extent the Underlying Lawsuit alleges a "loss" to which this policy applies, which State Farm does not believe that it has, that is not covered by any other insurance policy, exclusions, including but not limited to Exclusions 6, 14, and 17, completely preclude the duty to defend;

c. Intentional wrongdoing is not insurable pursuant to Montana public policy; and

d.    Mont. Code Ann. § 33-15-317 precludes insurance coverage as a matter of law for any punitive damages unless a policy expressly states that such damages are covered and, here, the Umbrella Policy does not expressly cover punitive damages.

29.    Pursuant to 28 U.S.C. § 2201, State Farm is entitled to a declaration by this Court of its rights and duties related to State Farm's potential duty to defend Cohodes under the Umbrella Policy.

30.    State Farm reserves the right to rely on any provision of the Homeowners Policy and the Umbrella Policy regarding the duty to defend.

## SECOND CLAIM FOR RELIEF
## DECLARATORY JUDGMENT – DUTY TO INDEMNIFY
## AGAINST ALL DEFENDANTS

31.    State Farm realleges and incorporates by reference all previous paragraphs.

32.    An actual controversy exists between State Farm and the defendants relating to whether State Farm could potentially have a duty to indemnify Cohodes for any theoretical judgment in the Underlying Lawsuit. Namely, State Farm does not believe it owes a duty to indemnify Cohodes or to pay any amount to Holbrook under either the Homeowners Policy or the Umbrella Policy, but Cohodes and/or

Holbrook apparently believes they could be owed indemnity benefits from State Farm pursuant to one or both of the policies.

33.    State Farm can have no duty to indemnify any theoretical indemnity in the Underlying Lawsuit pursuant to either the Homeowners Policy or the Umbrella Policy because, among other reasons, where there is no duty to defend, there also is no duty to indemnify. For the reasons stated above, there is no duty to defend, and therefore there also is no duty to indemnify.

34.    Additionally, the same Policy terms and exclusions apply to preclude the duty to indemnify as were listed in Paragraphs 26 and 28 above.

35.    Pursuant to 28 U.S.C. § 2201, State Farm is entitled to a declaration by this Court of its rights and duties related to State Farm's potential duty to indemnify Cohodes under the Umbrella Policy.

36.    State Farm reserves the right to rely on any provision of the Homeowners Policy and the Umbrella Policy regarding the duty to indemnify.

**PRAYER FOR RELIEF**

WHEREFORE, State Farm prays for judgment as follows:

1. A declaration that State Farm has no duty to defend Cohodes against the Underlying Lawsuit pursuant to either the Homeowners Policy or the Umbrella Policy;

2. A declaration that State Farm may withdraw from Cohodes's defense in the Underlying Lawsuit;

3. A declaration that State Farm has no duty to indemnify Cohodes or pay any amount to Holbrook pursuant to either the Homeowners Policy or the Umbrella Policy;

4. To the extent this Court determines that there is a duty to indemnify Cohodes in the Underlying Lawsuit, a declaration on what claims and damages State Farm may owe a duty to indemnify Cohodes;

5. A declaration that Cohodes and Holbrook both are bound by the Court's determination in this lawsuit; and

6. For such other relief that the Court deems just and proper.

DATED: April 14, 2025                    BOONE KARLBERG P.C.

Elizabeth W. Lund
*Attorneys for Plaintiff State Farm Fire
and Casualty Company*