Fred Simpson
HALL & EVANS, LLC
Millennium Building
125 Bank Street, Suite 403
Missoula, Montana 59802
Telephone: (406) 481-8108
Fax No: (406) 519-2035
simpsonf@hallevans.com
*Attorneys for Defendant/Counterclaimant Marc Cohodes*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Company,<br><br>           Plaintiff,<br><br>v.<br><br>MARC COHODES, an individual, and HOLBROOK HOLDINGS, INC., an Oregon Corporation,<br><br>           Defendants. | CASE NO. 2:25-cv-00041-BU-JTJ<br><br>**MARC COHODES'S ANSWER TO COMPLAINT, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL** |
| MARC COHODES, an individual,<br><br>           Counterclaim Plaintiff<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Company,<br><br>           Counterclaim Defendant. | |

1

Marc Cohodes ("Mr. Cohodes") answers the allegations of State Farm Fire and Casualty Company's ("State Farm") Complaint for Declaratory Judgment as follows:

## PARTIES

1.    Answering paragraph 1, upon information and belief, Mr. Cohodes admits that State Farm is a citizen of the state of Illinois, and lacks sufficient information to form a belief as to the truth of the remaining allegations therein, and therefore denies those allegations.

2.    Answering paragraph 2, Mr. Cohodes admits that he is a citizen of the State of Montana.

3.    Answering paragraph 3, Mr. Cohodes admits that Holbrook is a financial advisory firm and admits upon information and belief that Holbrook has its principal place of business in Atlanta, Georgia, and is incorporated in Oregon.

## JURISDICTION AND VENUE

4.    Answering paragraph 4, Mr. Cohodes does not contest jurisdiction in this Court.

5.    Answering paragraph 5, Mr. Cohodes admits the amount in controversy exceeds $75,000, and lacks sufficient information to form a belief as to the truth of the remaining allegations, and therefore denies those allegations.

6.      Answering paragraph 6, Mr. Cohodes does not contest venue in this Court.

### THE RELEVANT INSURANCE POLICIES

7.      Answering paragraph 7, Mr. Cohodes admits he is the named insured on State Farm Homeowner's Policy No. 26-BN-HO27-8 (the "Homeowner's Policy") with effective dates of September 30, 2023 to September 30, 2024 and that the Homeowner's Policy Declarations Page identifies a "Limit of Liability" for Coverage L Personal Liability (Each Occurrence) of $100,000. Mr. Cohodes further admits that what appears to be a true and correct copy of the Homeowner's Policy is attached to the Complaint as Exhibit 1.

8.      Answering paragraph 8, Mr. Cohodes admits that he is the named insured on State Farm Personal Liability Umbrella Policy No. 26-BN-M013-4 (the "Umbrella Policy") with effective dates of November 5, 2023 to November 5, 2024. Mr. Cohodes further admits that the Umbrella Policy Renewal Certificate identifies $6,000,000 as the Limit for Coverage L Personal Liability. Mr. Cohodes further admits that what appears to be a true and correct copy of the Umbrella Policy is attached to the Complaint as Exhibit 2.

### COMMON ALLEGATIONS

9.      Answering paragraph 9, Mr. Cohodes admits that Holbrook Holdings, Inc. ("Holbrook") filed a Complaint against him captioned *Holbrook Holdings,*

3

*Inc. v. Marc Cohodes* in the United States District Court for the District of

Montana, Case No. CV-24-175-BU-JTJ (the "Underlying Lawsuit") on or about

November 8, 2024, and that what appears to be a true and correct copy of the

Complaint in the Underlying Lawsuit is attached to State Farm's Complaint as

Exhibit 3.

10.    Answering paragraph 10, Mr. Cohodes admits that the Complaint in

the Underlying Lawsuit speaks for itself and denies any allegation inconsistent

therewith.

11.    Answering paragraph 11, Mr. Cohodes admits that the Complaint in

the Underlying Lawsuit speaks for itself and denies any allegation inconsistent

therewith.

12.    Answering paragraph 12, Mr. Cohodes admits that the Complaint in

the Underlying Lawsuit speaks for itself and denies any allegation inconsistent

therewith.

13.    Answering paragraph 13, Mr. Cohodes admits that the Complaint in

the Underlying Lawsuit speaks for itself and denies any allegation inconsistent

therewith.

14.    Answering paragraph 14, Mr. Cohodes admits that the Complaint in

the Underlying Lawsuit speaks for itself and denies any allegation inconsistent

therewith.

15.     Answering paragraph 15, Mr. Cohodes admits that the Complaint in the Underlying Lawsuit speaks for itself and denies any allegation inconsistent therewith.

16.     Answering paragraph 16, Mr. Cohodes admits that the Complaint in the Underlying Lawsuit speaks for itself and denies any allegation inconsistent therewith.

17.     Answering paragraph 17, Mr. Cohodes admits that the Complaint in the Underlying Lawsuit speaks for itself and denies any allegation inconsistent therewith.

18.     Answering paragraph 18, Mr. Cohodes admits that the Complaint in the Underlying Lawsuit speaks for itself and denies any allegation inconsistent therewith.

19.     Answering paragraph 19, Mr. Cohodes admits that the Complaint in the Underlying Lawsuit speaks for itself and denies any allegation inconsistent therewith.

20.     Answering paragraph 20, Mr. Cohodes admits that the Complaint in the Underlying Lawsuit speaks for itself and denies any allegation inconsistent therewith.

21.     Answering paragraph 21, Mr. Cohodes admits that the Complaint in the Underlying Lawsuit speaks for itself and denies any allegation inconsistent therewith.

22.     Answering paragraph 22, Mr. Cohodes admits that the Complaint in the Underlying Lawsuit contains three "Claims for Relief" including: the "First Claim for Relief" identified as "LIBEL PER SE FOR STATEMENTS IN THE DECEMBER 17, 2023 X POST"; the Second Claim for Relief identified as "LIBEL PER SE FOR STATEMENTS IN THE FEBRUARY 29, 2024 X POST"; and the Third Claim for Relief identified as "LIBEL PER SE FOR STATEMENTS IN THE AUGUST 13, 2024 X POST."

23.     Answering paragraph 23, Mr. Cohodes admits that the Complaint in the Underlying Lawsuit speaks for itself and denies any allegation inconsistent therewith.

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGMENT – DUTY TO DEFEND AGAINST COHODES

24.     Answering paragraph 24, Mr. Cohodes restates his responses to the foregoing allegations as if fully set forth herein.

25.     Answering paragraph 25, Mr. Cohodes admits an actual controversy exists between himself and State Farm as to State Farm's duty to defend him

against the Underlying Lawsuit, and admits that he asserts that State Farm has a duty to defend him against the Underlying Lawsuit.

26.    Answering paragraph 26, Mr. Cohodes denies the allegations therein, including subparts a., b., and c., but admits solely subpart d.

27.    Answering paragraph 27, Mr. Cohodes denies that State Farm is entitled to the declaration it requests in this lawsuit.

28.    Answering paragraph 28, Mr. Cohodes denies the allegations therein including subparts a., b. and c., but admits solely subpart d.

29.    Answering paragraph 29, Mr. Cohodes denies that State Farm is entitled to the declaration it requests in this lawsuit.

30.    Answering paragraph 30, that paragraph contains no charging allegations to which any response is required. To the extent there are any such allegations, Mr. Cohodes denies them.

**SECOND CLAIM FOR RELIEF**
**DECLARATORY JUDGMENT – DUTY TO INDEMNIFY**
**AGAINST ALL DEFENDANTS**

31.    Answering paragraph 31, Mr. Cohodes restates his responses to the foregoing allegations as if fully set forth herein.

32.    Answering paragraph 32, Mr. Cohodes denies an actual controversy presently exists between himself and State Farm as to State Farm's duty to indemnify him against a judgment in the Underlying Lawsuit as no judgment has

been entered against him in the Underlying Lawsuit and he denies any liability in the Underlying Lawsuit, and admits that he asserts that State Farm would have a duty to indemnify him against a judgment entered against him in the Underlying Lawsuit.

33.    Answering paragraph 33, Mr. Cohodes denies the allegations therein.

34.    Answering paragraph 34, Mr. Cohodes denies the allegations therein.

35.    Answering paragraph 35, Mr. Cohodes denies that State Farm is entitled to the declaration it requests in this lawsuit.

36.    Answering paragraph 36, that paragraph contains no charging allegations to which any response is required. To the extent there are any such allegations, Mr. Cohodes denies them.

37.    Mr. Cohodes denies each and every allegation of the Complaint not otherwise admitted or denied above.

### First Affirmative Defense

Mr. Cohodes denies that he engaged in any intentional acts to cause harm to Holbrook as it alleges in the Underlying Lawsuit.

### Second Affirmative Defense

Mr. Cohodes's postings on X as alleged in the Underlying Lawsuit were truthful.

//

### Third Affirmative Defense

Any intentional act by Mr. Cohodes relative to the posts on X concerning Holbrook had unintended or unexpected consequences.

### Fourth Affirmative Defense

Mr. Cohodes was not engaged in any "business" when he allegedly made the posts on X as alleged in the Underlying Lawsuit.

### Fifth Affirmative Defense

The coverage provided by the Umbrella Policy is illusory as it purports to cover "personal injury" which is defined as "offenses" including the intentional torts of "libel, slander, [and] defamation of character," but then purports to exclude coverage for "personal injury when the insured acts with specific intent to cause any harm[.]" Further, a claim for libel *per se* by a public figure like Holbrook requires a showing that "the statement was made with 'actual malice' – that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times v. Sullivan*, 376 U.S. 254, 279-280 (1964). Thus, State Farm's interpretation of the Umbrella Policy renders the personal injury coverage illusory because there could never be coverage for a libel *per se* claim by a public figure because such a claim requires the plaintiff to allege and prove that the defendant/insured acted with "actual malice" which is the functional equivalent of the "specific intent to cause . . . harm."

9

**Sixth Affirmative Defense**

The coverage provided by the Umbrella Policy is ambiguous as it purports to cover "personal injury" which is defined as "offenses" including the intentional torts of "libel, slander, [and] defamation of character," but then purports to exclude coverage for "personal injury when the insured acts with specific intent to cause any harm[.]" Further, a claim for libel *per se* by a public figure like Holbrook requires a showing that "the statement was made with 'actual malice' – that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times v. Sullivan*, 376 U.S. 254, 279-280 (1964). Thus, under State Farm's interpretation of the Umbrella Policy, there could never be coverage for a libel *per se* claim by a public figure because such a claim requires the plaintiff to allege and prove that the defendant/insured acted with "actual malice" which is the functional equivalent of the "specific intent to cause . . . harm[.]" The Umbrella Policy is, therefore, ambiguous and should be construed against State Farm and in favor of Mr. Cohodes to provide coverage.

**Seventh Affirmative Defense**

Mr. Cohodes's posts concerning Holbrook which are the subject of the Underlying Lawsuit were allegedly made on December 17, 2023 (Doc. 1-3 at 20), February 29, 2024 (Doc. 1-3 at 21) and August 13, 2024 (Doc. 1-3 at 22), all of

which were within the applicable policy periods of the Homeowner's Policy and the Umbrella Policy.

### Eighth Affirmative Defense

State Farm's position that the Umbrella Policy does not cover the Underlying Lawsuit violates Mr. Cohodes's reasonable expectations.

WHEREFORE, having fully answered State Farm's Complaint, Mr. Cohodes prays the Court to enter judgment in his favor and against State Farm as follows:

1.     That State Farm take nothing by way of its Complaint and that its Complaint be dismissed with prejudice;

2.     That Mr. Cohodes be awarded his attorney's fees and costs incurred herein; and

3.     That the Court enter such other and further relief as the Court deems appropriate under the circumstances.

### COUNTERCLAIM

For his Counterclaim against State Farm, Mr. Cohodes alleges:

1.     This Court has diversity jurisdiction over Mr. Cohodes's counterclaim because, as State Farm alleges in its Complaint, the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11

2.      Mr. Cohodes is the named insured under the Umbrella Policy attached as Exhibit 2 to State Farm's Complaint.

3.      Mr. Cohodes is the Defendant in the Underlying Lawsuit attached as Exhibit 3 to State Farm's Complaint.

4.      The Umbrella Policy provides coverage for a "**loss**" which is defined to include "the commission of an offense which first results in **personal injury** during the policy period." Doc. 1-2 at 7.

5.      The Umbrella Policy says that "'**personal injury**' means injury other than **bodily injury** arising out of one or more of the following offenses: . . .c. libel, slander, defamation of character[.]" Doc. 1-2 at 7

6.      Holbrook alleges in the Underlying Lawsuit that Mr. Cohodes is liable to it under the legal doctrine of libel *per se* based upon three posts that Mr. Cohodes made on his X account.

7.      As a public figure, to prevail on its libel *per se* claim, Holbrook must allege and show that Mr. Cohodes acted with "actual malice."

8.      Mr. Cohodes's statements concerning Holbrook were truthful, and he denies making any untruthful or malicious statements about Holbrook contrary to Holbrook's allegations in the Underlying Lawsuit.

9.      Any posts made by Mr. Cohodes concerning Holbrook as described in the Underlying Lawsuit were not made for any business reason.

10.     The allegedly libelous posts made by Mr. Cohodes were all made within the effectives dates of the Umbrella Policy.

11.     State Farm has a duty to defend Mr. Cohodes against the Underlying Lawsuit which alleges claims for the covered "offense" of "libel."

12.     While Mr. Cohodes denies any wrongdoing or liability to Holbrook, State Farm has a duty to indemnify Mr. Cohodes against any judgment entered against him in the Underlying Lawsuit.

WHEREFORE, having set forth his Counterclaim against State Farm, Mr. Cohodes prays the Court to grant him the following relief:

1.     Entry of judgment against State Farm and in favor of Mr. Cohodes that State Farm must defend, and if necessary, indemnify him against the Underlying Lawsuit;

2.     For an award of his attorney's fees and costs incurred herein; and

3.     That the Court grant such other and further relief as it deems appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Mr. Cohodes demands a trial by jury on all issues so triable.

DATED this 7th day of July, 2025

        HALL & EVANS, LLC

        /s/Fred Simpson
        Fred Simpson
        *Attorneys for Defendant/Counterclaimant*
        *Marc Cohodes*